IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAEKWON STEPHENS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-22-2258 |
| OFFICER GOODRICH, OFFICER NORTHCRAFT, | * | |
| | * | |
| Defendants. | | |

\*\*\*

**MEMORANDUM OPINION**

Plaintiff Jaekwon Stephens, a prisoner confined at North Branch Correctional Institution ("NBCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Mr. Stephens alleges that he suffered a medical incident and that Defendants Goodrich and Northcraft mistreated him when removing him from his cell. ECF No. 1.

Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 9. Mr. Stephens was given an opportunity to respond to the motion and has failed to do so. ECF No. 10. The court finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons discussed below, Defendants Goodrich and Northcraft's motion, construed as a motion for summary judgment, will be granted due to Mr. Stephens' failure to exhaust administrative remedies, and the complaint will be dismissed without prejudice.

**Background**

On September 9, 2022, the court received Mr. Stephens' initial complaint for filing. The complaint is dated August 16, 2022. ECF No. 1. Mr. Stephens alleges that on July 20, 2022, he passed out in his cell. ECF No. 1 at 4. Mr. Stephens complains that Defendants determined he was okay instead of contacting medical staff to assess him and then ordered that Mr. Stephens be

dragged out of his cell in a rough manner. *Id*. Mr. Stephens stated that he filed a grievance as required by the prison's administrative procedures (ECF No. 1-3) which was dismissed. *Id*. Mr. Stephens seeks compensatory damages and the award of good conduct credits. ECF No. 1.

Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment asserting that the complaint should be dismissed because, among other things, Mr. Stephens has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). ECF No. 9. In regard to the defense of exhaustion, Defendants provide a Declaration by Todd Taylor, Executive Director of the Inmate Grievance Office. ECF No. 9-3. Mr. Taylor attests that Mr. Stephens has not appealed the dismissal of any ARP since 2018. *Id.* at ¶ 4.

**Standard of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

When the moving party styles its motion as a motion to dismiss or, in the alternative, motion for summary judgment, as is the case here, and attaches additional materials to the motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the court, and the court can treat the motion as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

**Discussion**

Defendants move for summary judgment based on Mr. Stephens' failure to exhaust his administrative remedies. ECF No. 9. Mr. Stephens has not responded to Defendants' Motion. If Mr. Stephens' claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

3

>other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219. It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530.

Because the court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory. Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).  Moreover, an inmate need only exhaust "available" remedies.  42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636.  An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it."  *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

In Maryland prisons, for the type of grievance asserted by Mr. Stephens, the Administrative Remedy Procedure is the administrative process that must be exhausted.  Md. Code Regs. § 12.02.28.02(B)(1) 05(D)(2018).  First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. Md. Code Regs. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); Md. Code Regs. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); Md. Code Regs. § 12.02.28.09(B) (setting the 30-day deadline).  Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days.  Md. Code Regs. § 12.02.28.14(B)(5).  If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO").  *See* Md. Code. Ann., Corr. Servs. § 10-206; Md. Code Regs. § 12.02.28.18.  An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. Md. Code Ann., Corr. Servs C.S. §§ 10-207(b)(2)(ii); 10-209(b)(1)(ii). Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court.  *See* Md. Code Ann., Corr. Servs. § 10-210(a).

Here, it appears that Mr. Stephens was aware of the administrative grievance process and the process was available to him.  He began the process by filing a grievance on July 21, 2022. ECF No. 1-3.  The ARP was dismissed at the institutional level, and Mr. Stephens failed to pursue the matter further.  There is no avenue available here by which the exhaustion requirement can be excused.  Mr. Stephens' claims against Defendants are unexhausted and Defendants' motion for summary judgment will be granted. [1]   The complaint will be dismissed without prejudice.

A separate Order follows.

May 23, 2023                                                                /s/
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge

---

[1] The court need not address Defendants' additional defenses insofar as their motion for summary judgment is granted due to  Mr. Stephens' failure to exhaust administrative remedies.